UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY W. TYNER,<br><br>                        Plaintiff<br><br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                        Defendants | Case No.  3:23-cv-00471-ART-CLB<br><br>ORDER |

**I.     DISCUSSION**

Pro se Plaintiff Gary W. Tyner has an inmate early mediation conference on Tuesday, August 27, 2024.  (ECF No. 6).  Plaintiff filed a "notice" informing the Court that he granted limited power of attorney to inmate Dennis L. McCabe for "all legal matters involving U.S. District Court Case No. 3:23-cv-00471-ART-CLB, to and including all mediation matters, and to act as my legal guardian of fact."  (ECF No. 7 at 4).  In his "notice," Plaintiff also requests that Dennis McCabe "be present to assist me in any and all legal and financial matters. Mr. McCabe has full legal authority to act in my behalf." (*Id.* at 2).

Nevada's Uniform Power of Attorney Act is codified in Nevada Revised Statute Chapter 162A and governs powers of attorney for financial matters and healthcare decisions.  A "[p]ower of attorney" is "a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term 'power of attorney' is used." Nev. Rev. Stat. § 162A.090.  Under NRS § 162A.470, the "construction of authority generally" provides that a power of attorney may authorize the principal's agent to "[d]emand, receive and obtain, by litigation or otherwise, money or another thing of value to which the principal is, may become or claims to be entitled . . . ."  Nev. Rev. Stat. § 162A.470(1).

///

However, it is unlawful for a person to practice law in Nevada unless that person is an "active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court." Nev. Rev. Stat. § 7.285(1)(a). It is well-established in both Nevada state courts and the federal courts that an individual may represent himself or herself in court but there is no rule or statue that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that *pro se* litigants have the right to plead and conduct their own cases personally); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf").

In *Eby v. Johnston L. Off., P.C.*, 518 P.3d 517 (Nev. App. 2022), the Nevada Court of Appeals directly addressed an inmate's argument that Nevada's power of attorney laws permitted "a nonlawyer agent with a valid power of attorney concerning claims and litigation to essentially step into the shoes of the principal and litigate an action as if the principal were proceeding in pro se, or that it simply authorizes such an agent to engage in the practice of law on the principal's behalf." *Id.* at 523. The Nevada Court of Appeals rejected that argument and held "a nonlawyer agent under a power of attorney is not entitled to appear in pro se in place of the principal or engage in the practice of law on the principal's behalf." *Id.* at 526. Instead, the Nevada Court of Appeals explained that the power of attorney is "better understood as allowing a principal to grant an agent the authority over claims and litigation the principal would have as a *client* in an attorney-client relationship." *Id.* (emphasis added).

In this case, inmate Dennis McCabe is not an active member of the State Bar of Nevada and is not authorized to practice law in Nevada. McCabe cannot act as Plaintiff's attorney in this case. To the extent that Plaintiff's "notice" is telling the Court that McCabe is Plaintiff's attorney or that McCabe is stepping into Plaintiff's shoes as the pro se litigant,

the notice is denied. Plaintiff must represent himself in this case and must show up to any mediations and hearings ordered by the Court in this case. If Plaintiff does not appear at the court-ordered mediations or hearings, Plaintiff's case may be subject to dismissal.

If Plaintiff is requesting inmate help at the mediation, he must file a motion with the Court.

**II.     CONCLUSION**

It is therefore ordered that Plaintiff will appear and represent himself at any court-ordered mediations or hearings because a non-lawyer cannot represent Plaintiff in this case.

It is further ordered that, if Plaintiff does not appear at the court-ordered mediations or hearings, this action may be subject to dismissal without prejudice.

DATED THIS 26th day of August 2024.

_____
UNITED STATES MAGISTRATE JUDGE